# Staunton.

## LINKENHOKER V. GRAYBILL.

### OCTOBER 1ST, 1885.

### LEWIS, P., absent.

1. EASEMENTS — *Ways—Dominant and servient lands.*—Easements follow land into assignee's hands. Division of dominant tract does not destroy easement. Owner of any portion may claim right so far as applicable to his portion; provided division does not impose additional charge on servient tracts.

2. IDEM—*Way ex necessitate.*—If one take conveyance of land surrounded by lands of his grantors and others, he can enforce a right of way under plea of necessity against none but his grantors.

3. IDEM—*Case at bar.*—L. ·bought part of the R. lands knowing how they were situated as to public roads, and that they were entitled to a right of way in one direction over G.'s lands to a public highway, and contracted with his grantors for a right of way out to a public highway over other lands than G.'s. He cannot now be permitted to abandon his said rights of way and have a public road established for his own exclusive use, and to the great damage of G., over G.'s land in another direction to a public highway.

Appeal from judgment of circuit court of Botetourt county rendered may term, 1885, refusing to establish on the application of M. P. Linkenhoker, a certain road from his tract through the land of Michael Graybill, to a public highway.

Opinion states the case.

*G. W. & L. C. Hansbrough,* for the plaintiff in error.

*Glasgow & Glasgow*, for the defendants in error.

FAUNTLEROY, J., delivered the opinion of the court.

The tract of land owned by M. P. Linkenhoker, the appellant, to which he is, in this proceeding, seeking to have a public road established over and through the land of M. Graybill, appellee, is the southern portion of the tract which was assigned to Mrs. Susan M. Radford, in the division or partition of the lands of her father, John Preston, deceased, lying north of the town of Amsterdam, in the county of Botetourt, Virginia; and it is part of that which was assigned to Mrs. Mary R. Copland, daughter of Mrs. Susan Radford, in the division of the latter's estate, and which was afterwards conveyed by Peter Copland and Mary R., his wife, to appellant, by deed dated 25 July, 1878. Lying south of the aforesaid Susan Radford tract, is the farm now owned by the appellee, M. Graybill, containing 361 acres, which was conveyed to the said appellee, Graybill, by deed from F. T. Anderson and wife, dated December 15th, 1854.

Appellant's tract of land, lying above, is, practically, in the shape of an isosceles triangle, with the base-line on the north, resting on the residue of the land assigned as aforesaid, to Mary R. Copland, out of said Susan Radford's estate; and with the other two sides adjoining, on the east and on the west, the lands of Graybill, appellee; the said triangular tract of appellant running south to the vertical angle, jutting down into the said Graybill's land, and lacking only the distance of the proposed road, 65½ poles, of cleaving his said farm in two.

The prayer of the appellant is, that this court will reverse the decision of the county and circuit courts of Botetourt county, which courts refused to establish a *public* road over and through appellee's land, in favor of that part of the Radford land which is owned by the appellant, containing 93 acres and 92 poles.

From the record it appears that there is, appurtenant to the

Radford land, a part of which is the 93¼ acre tract of appellant, a right of way toward the east, out by the graveyard, to the Fincastle and Franklin turnpike, over and through the land of the appellee, Graybill, a distance of 80 rods; and this right of way in favor of the Radford lands is referred to and reserved in a note appended to the deed under which the appellee, Graybill, derives and holds his title from F. T. Anderson and wife, dated December 15th, 1854; and that, in the deed from Copland and wife, dated July 25th, 1878, conveying this tract of 93¼ acres of the Radford tract to the appellant, M. P. Linkenhoker, the grantors guarantee to the said Linkenhoker a right of way out, west, over and through the other part of the said Radford lands retained by Mary R. Copland, to a public road. After this conveyance was made, the creditors of W. M. Radford asserted their claims against his estate, and his lands were sold for the payment of his debts, which necessitated a separate division of the lands owned by Mrs. Susan Radford. Accordingly, in November, 1879, a new commission made division of her land; and in their report they adopt that portion of the former division, which assigned this 93¼ acres, now the Linkenhoker tract, to Mary R. Copland, and provide, distinctly, that "the present road passing through the farm shall be a right of way to the heirs having possession thereof;" and this road is the continuation of the road reserved in Graybill's deed from Anderson and wife, in favor of the Radford lands, a part of which is the 93¼ acre tract now held by the appellant, Linkenhoker.

From the evidence it appears, that the farm owned by the appellee, Graybill, which would be cut into two separate and disconnected parts, on different sides of the proposed public road, is a very valuable grazing farm, most admirably adapted to grazing and stock raising, and complete in all its appointments and arrangements for that purpose; with pasture lands, woodlands for shade, and water, all in proper and essential relation to each other; all of which would be broken up, as well

as the commercial value of the farm very greatly impaired, by the proposed public road cutting it into disconnected parts. It appears, from the record, that the farm of the appellee is already bounded or intersected by three public roads; while the whole Radford lands, of which appellant's 93¼ acre tract is a part, has no burthen of this sort to bear, except that, for a short distance, on the west side of the whole estate, it is bounded by a public road.

In purchasing his tract of 93¼ acres from Copland and wife, appellant required his grantors to covenant with and guarantee to him, a right of way out, by a route along the outside line of the Radford lands, in a westerly direction, to a public road; and to establish which, the damage to the Radford land would be only the value of the land taken for the road, and in no degree commensurate with the injury, damage and loss which would be inflicted upon appellee by cutting his farm in twain by a public road; which the evidence in the cause, and, indeed, the report of the *viewers*, appointed by the court, of the proposed site of the road through the land of the appellee, explicitly and unqualifiedly say, will be of no *public* use or benefit, and will be only for the use and benefit of the appellant.

But, if the appellant's grantors had not guaranteed a way out; and if there were not appurtenant to the land, the old, immemorial right of way, reserved by the commissioners as aforesaid, the Radford lands, of which appellant's 93¼ acre tract is a part, ought to bear the burthen of a way out, *ex necessitate*, claimed by the appellant. "If a person voluntarily take a conveyance of land, which is surrounded, on all sides, by lands of his grantors and others, he can enforce this right of way under plea of necessity, against *none but his grantor.*" 1 Lomax Dig., marginal page 528; *Kimball* v. *Cochecho R. R. Co.* 27 N. H. 448; 59 Amer. Decis. 387; 35 Amer. Decis. 302. "A way over the grantor's lands exists, to a close granted, as incidental to the grant." 1 Lomax Dig. marginal p. 527.

The record shows that the Radford lands had an easement—a right of way—over the lands of appellee, in an easterly direction, to a public highway, the Fincastle and Franklin turnpike; and when appellant bought his 93¼ acre portion of those lands, he knew the situation of the tract with reference to the public roads, and he contracted with his grantors for a right of way out; and he is not now to be permitted to abandon this right, and to cut his neighbor's farm in two, by a public road, ostensibly, but which cannot be of any possible public use or concern, regardless of the injury, expense or inconvenience which it may inflict upon that neighbor's lands, with whom and whose lands, he, nor his land, has no relation or affinity derived from a common grantor.

Easements follow the land into the hands of an assignee, and "the division of the dominant estate does not destroy the easement; and the owner or assignee of *any portion* of that estate may claim the right so far as it is applicable to his part, provided the right can be enjoyed as to the separate parcels, without any additional charge upon the servient tenement." *Hills* v. *Miller*, 3 Paige (Ch. N. Y.) 254; 24 Amer. Decis. 218. "Where land is granted with a right of way, that right is appurtenant *to every part* of the land thereafter granted." *Watson* v. *Bioren*, 1 Sergeant & Rawle, (Pa.) 227; 7 Amer. Decis. 617. "Where a judgment creditor levied on a part of the debtor's lands, leaving the latter no passage from the remaining portion to the highway, the debtor has, necessarily, a right of way over the land levied upon." *Pernam* v. *Wead*, 2 Mass. 203; 3 Amer. Decis. 43: *Taylor* v. *Townsend*, 8 Mass. 411; 5 Amer. Decis. 108. "Grant of continuous and apparent easements is implied *on severance of heritage*, where, though having no legal existence as easements, they have in fact been used by the owner during the unity of heritage, or when they are necessary to the full enjoyment of the several portions of the heritage." *Elliott* v. *Rhett*, 5 Richardson, (S. C.) 405; 57 Amer. Decis. 750: note to

*Elliott* v. *Rhett,* 57 Amer. Decis. 767, citing *Burwell* v. *Hobson,* 12 Gratt. 322, and others.

We are of opinion that the judgment of the court below, complained of, should be affirmed, and it is so ordered.

RICHARDSON, J., dissented.

JUDGMENT AFFIRMED.