**E. C. LUTHER and Oscar J. Remines**

v.

**Eva A. JEFFERS.**

**Civ. A. No. 74–144.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Dec. 20, 1974.

Harman & Campbell, Tazewell, Va., for complainants.

Edmund D. Wells, Jr., Bluefield, W. Va., for defendant.

MEMORANDUM OPINION

TURK, Chief Judge.

Complainants filed a Bill of Complaint in the Circuit Court of Tazewell County, Virginia, seeking to establish their right to use for commercial purposes a road running from the public road (known as Stony Ridge Road) over the lands of the defendant to complainants' land, and asking for damages of $20,000 for having been deprived of the use of the road for bringing in coal mining equipment

and hauling out coal. The defendant, a citizen of California, removed the case to this court and then filed a counterclaim for $20,000 for the alleged wrongful use of the road by complainants.

The case was tried on August 16th and 19th, 1974. Complainants had sought to establish their right to use the road for commercial purposes on three grounds, namely (1) that the road in question was a public road, (2) easement by grant or reservation, and (3) easement by prescription. At the beginning of the trial, complainants abandoned their claim to an easement by grant or reservation. At the conclusion of all the evidence the court announced its findings of facts and a part of its conclusions of law. The court held that the road in question was not a public road. This holding was based on the following facts: (1) no evidence of any dedication of the road to either the County or the State and no evidence of any acceptance by the County or State; (2) Mr. Burgess (defendants' predecessor in title) had "no trespassing" signs erected on the road soon after he purchased the servient tract in 1941; (3) Mr. Burgess told Mr. Holbrook (complainants' predecessor in title) that only the two of them had the right to use this road; and (4) Mr. Remines, (one of the complainants) placed chains across the road with locks thereon, so as to prevent others from using the road.

The court found as a matter of fact that the use of the road by complainants' predecessors in title was open and visible; that such use was adverse, under claim of right, was continuous, uninterrupted and with knowledge and acquiescence of the owners of the parcels over which it passes, and that such use has continued for a period of more than twenty years. The court further found that the use had been for private domestic purposes and in connection with a small mountain farming operation. Complainants' predecessors in title had used the road from time to time to haul out logs on a horse drawn wagon and small amounts of coal were hauled at irregular intervals over the road many years ago. The road has not otherwise been used by complainants' predecessors in title for any other commercial or business use.

The court found as a matter of law that the evidence established a right of way easement by prescription across the lands of defendant in favor of complainants for private domestic use. The court took under advisement the question of whether complainants had a right of way over the road for business or commercial purposes. Complainants contemplate engaging in extensive coal mining operations on their land, and they want to use the road to bring in heavy strip mining equipment and to haul out large truck loads of coal. The court holds that the easement acquired by prescription over the servient tract for normal rural transportation cannot now be converted by complainants for the use of heavy coal trucks or heavy mining equipment.

The law in Virginia seems to be well settled as to the extent or the purposes to or for which a particular prescriptive right of way easement may be used. In Virginia Hot Springs Co. v. Lowman, 126 Va. 424, 101 S.E. 326, (1919) 12 Va. 424, 101 S.E. at page 328, the Virginia Supreme Court, speaking through Mr. Justice Burks, said:

> " '. . . the extent of the user is measured by the character of the user,' for the easement cannot be broader than the user, and that a right of way acquired for one purpose cannot be used for another . . . But if the new use is in all respects of the same nature and character as the old, and the difference is in degree only, and no additional burden is put upon the servient estate, then the new use is within the prescriptive use."

It is abundantly clear that complainants intended new additional use of the road for hauling large quantities of coal represents more than a change in degree but is a change in the nature and character as respects the prior uses made of the road. Complainants' intended new use would be completely different from the use made during the period of pre-

scription and would involve a substantial or material increase of burden on the servient estate. During the time the prescriptive easement was created the dominant tract was used as a small mountain farm. Use of the dominant tract for strip mining purposes is a substantial variation from its prior use and means that the easement now being claimed is not for the purposes for which it was created. There is no justification for the added use of the road merely because the dominant tract is now to be used in a manner far different from that employed during the time the prescriptive easement was established. The evidence is plain that the added burden on the servient estate represented by the new uses that would be made of the road by the complainants is substantially greater than in the period following the first use, and the evidence further shows that the new uses are far different from the use to which it was originally put.

The court finds that neither party has sustained any damages and the claims of each for monetary damages will be denied. An order will be entered this date in accordance with the views expressed herein.