## CIRCUIT COURT OF SHENANDOAH COUNTY

William F. Hastings et al.

v.

James H. Franklin et al.

June 7, 1996

Case No. (Chancery) 95-176

BY JUDGE PERRY W. SARVER

William F. Hastings and Maxine D. Hastings (Hastings), James A. Martin, Sr., and Bernadine F. Martin (Martin), and Lettie C. Heishman (Heishman), complainants, have filed their bill of complaint to establish a prescriptive easement over the real estate of James H. Franklin and Beverly D. Guberman (Franklin) and Rovena Marshall Beahm (Beahm), respondents.

Respondents concede that complainants have a prescriptive easement over the roadway traversing their two parcels of real estate but that the rights created by adverse use are limited to providing ingress and egress for the reasonable use and enjoyment of their properties and hauling limited amounts of timber therefrom for firewood. Hastings and Martin seek to transport large quantities of timber from a commercial timbering operation under a contract to be executed with Augusta Lumber Co. involving the same of 1,095 trees containing 297,674 board feet. (Comp. Ex. 1.)

Richard Pace, a commercial logger, testified that the timber removal operations would require a large truck and skid loader ten feet wide with rubber tires. The truck is thirteen feet six inches high and eight feet wide (outside tire measurements) and weighs thirty-five tons when fully loaded. Negotiating sharp turns would require the truck to travel outside of the existing roadway two to four feet, and it would be necessary to replace existing culverts because of their inadequate size. The operation would

take approximately three months to complete making eight or nine round trips per day.

The question before the Court is whether the complainants' contemplated use of the right of way to engage in a commercial timbering operation exceeds the established usage. The Court is of the opinion that it does for the reasons that follow.

The uses established over the years by complainants and their predecessors in interest are as follows.

### Hastings Parcel

William F. Hastings, who now lives across the state road from the entrance to the roadway in issue, testified that since purchasing his real estate in 1962, he has used it primarily for recreational purposes, i.e., hunting. He lived in California from 1964 to 1979 and returned to Virginia and hunted on the property annually, when possible. In 1963 he sold "a couple truck loads of logs." The truck was described as a one-ton truck. He constructed a pond on the property, utilizing a backhoe and front end loader, traversing the roadway to his property.

He permitted friends to cut firewood from his property, hauling it over the roadway, from time to time. He cut firewood for his personal use for about six months when he lived in a trailer but discontinued this some time ago.

Hastings repairs the road and culverts periodically, hauling gravel to effect the repairs.

Irvin Sissler, a neighbor, stated that he has used the roadway for access to the Heishman, Hastings, and Martin property, as well as the Zirkle property for hunting purposes and hauling firewood and, on at least one occasion, removed firewood from the Hastings tract. He used a one-ton GMC, six-wheel dump truck. He has helped with repairs to the road, using a pickup truck, jeep, tractor, and rubber tire front end loader. He worked on the culverts at the Defendant Franklin's request.

He was not aware of any commercial uses of the roadway.

### Martin Parcel

James F. Martin, Jr., acquired his real estate in 1993 and had little knowledge of the prior use of the roadway by his predecessors in interest, except that mature trees had been cut and removed from his property over the subject roadway for use in a coffer dam on the Potomac River con-

structed by a predecessor. He did not see the trees being cut but learned of this second hand and knows that there are stumps on the property.

Mr. Hastings uses the roadway for ingress and egress to hunt on the property and to cut firewood for his own personal use.

### Heishman Parcel

Charles Heishman, age 54, the son of Lettie Heishman, the present owner, testified that he and his father cut wood for their own personal use. They also hunted and rode horses on the property. He stated that he visited the property approximately a half dozen times annually.

Lettie Heishman, the present owner, acquired the property in 1949 and has used it for recreation and cutting wood for household purposes. She and her husband also cut and hauled firewood for sale to others. Her father purchased the property in 1920 and cut and hauled enough wood from the property over the subject road to construct his house at another location. She also stated that her father cut and sold timber to others, though she was inexplicit as to the quantity and purpose of the sales to others. He used a horse and commercial-type timber wagon to haul the wood.

Alfred Zirkle, age 79, who has memories of the roadway since around 1929 stated that he had a saw mill on the Whissler property, a tract adjoining Hastings, and that he hauled logs cut on real estate in the area, by horse and wagon, over the subject road but not the Hastings, Martin, or Heishman tracts.

Complainant's burden of proof is by clear and convincing evidence. *McNeil v. Kingrey*, 237 Va. 400, 404 (1989). The law is jealous of a claim to an easement. *Pettus v. Keeling*, 232 Va. 483, 486 (1987); *Eagle Lodge, Inc. v. Hofmeyer*, 193 Va. 864, 877 (1952).

The law in Virginia seems to be well settled as to the extent or the purposes to or for which a particular prescriptive right of way easement may be used. In *Virginia Hot Springs Co. v. Lowman*, 126 Va. 424, 430, 101 S.E. 326, 328 (1919), the Supreme Court said:

> The extent of the user is measured by the character of the user, for the easement cannot be broader than the user and that a right of way acquired for one purpose cannot be used for another . . . .
> But if the new use is in all respects of the same nature and character as the old, and the difference is in degree only, and no additional burden is put upon the servient estate, then the new use is within the prescriptive use.

The Court also recognized that change in methods of travel alone, and in common use, does not create a new or different use from that established during the prescriptive period. *Id.* 328. See also *Luther v. Jeffers*, 387 F. Supp. 182 (W.D. Va. 1974).

It is quite clear that complainants' intended new use of the road for hauling logs from a large timbering operation represents more than a change in degree but is a change in the nature and character as respects the prior uses made of the road. Complainants' intended new use would be completely different from the use made during the period of prescription and would involve a substantial or material increase of the burden on the servient estate. During the time the prescriptive easement was created, the dominant tracts were used for hunting and cutting firewood. On at least one occasion and perhaps one other, sufficient timber was cut and hauled from the Heishman tract to construct one and no more than two houses.

Use of the dominant tracts for commercial timbering purposes is a substantial variation from its prior use and means that the easement now being claimed is not for the purposes for which it was created. There is no justification for the added burden on the servient estates by increased usage of the road merely because the dominant tract is now to be used in a manner substantially different from that employed during the time the prescriptive easement was established. The evidence clearly shows that the added burden on the servient estate represented by the new use by the complainants is substantially greater than in the period following the first use.

Counsel for respondents shall prepare a final decree, incorporating this letter therein and denying the relief prayed for in the bill of complaint, except that complainants are granted a prescriptive easement over the subject roadway as it now exists from their respective properties to the public road for the reasonable use and enjoyment of their properties, consistent with the established usages, including access for hunting purposes for the landowners and their invitees and for hauling firewood and other wood in small quantities for their personal use.

The Court further finds that use of the roadway for ingress and egress to and from their respective properties for single family dwellings would not be inconsistent with established usage.