LUTHER PARKS *vs.* ROBERT BISHOP.

Suffolk.   March 31. — May 8, 1876.   DEVENS & LORD, JJ., absent.

A report of a single justice in equity submits to the decision of the full court all inferences of fact, as well as conclusions of law, involved in the decision of the question reserved, upon the facts stated in the report.

When a right of way to certain land exists by adverse use and enjoyment only, proof that it was used for a variety of purposes, covering every purpose required by the dominant estate, in its then condition, is evidence from which may be inferred a right to use the way for all purposes which may be reasonably required for the use of that estate, while substantially in the same condition.

BILL IN EQUITY alleging that the plaintiff was the owner of the fee in the soil and of a right of way in a passageway leading from Purchase Street by land of the plaintiff and to a shop of the defendant, which adjoined the rear of a store of the defendant on Atlantic Avenue; and praying that the defendant might be restrained from using the way as appurtenant to the land on which that store was built, or for the purpose of passing, or of carrying merchandise or other things, between that store and Purchase Street.   The answer alleged that the defendant had acquired a right to such use by adverse possession.

Hearing before *Wells,* J., who ordered an injunction to issue, and reserved the case for the consideration of the full court, upon a report, the material part of which is stated in the opinion.

*W. G. Russell & G. Putnam, Jr.,* for the plaintiff.

*S. J. Thomas,* for the defendant.

GRAY, C. J. The report of the judge, before whom this case was heard in the first instance, states the facts proved at the hearing, and his decision that the use of the way in question by the defendant, in the manner and for the purpose complained of, was not justified by any right acquired by Lakin (under whom the defendant claims) through the use of the way by him as stated in the report, and that an injunction should issue, subject to the revision and determination of the full court upon the question, among others, "whether Lakin, upon the facts stated, had acquired such a right of way as to constitute a good defence." The report, being on the equity side of the court, submits to our revision all inferences of fact, as well as conclusions of law. *Wright* v. *Wright,* 13 Allen, 207, 209. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 102 Mass. 45, 47.

When a right of way to certain land exists by adverse use and enjoyment only, although evidence of the exercise of the right for a single purpose will not prove a right of way for other purposes, yet proof that it was used for a variety of purposes, covering every purpose required by the dominant estate, in its then condition, is evidence from which may be inferred a right to use the way for all purposes which may be reasonably required for the use of that estate while substantially in the same condition. *Ballard* v. *Dyson,* 1 Taunt. 279. *Cowling* v. *Higginson,* 4 M. & W. 245. *Dare* v. *Heathcote,* 25 L. J. (N. S.) Exch. 245. *Williams* v. *James,* L. R. 2 C. P. 577. *Sloan* v. *Holliday,* 30 L. T. (N. S.) 757. But if the condition and character of the dominant estate are substantially altered — as in the case of a way to carry off wood from wild land, which is afterwards cultivated and built upon ; or of a way for agricultural purposes, to a farm, which is afterwards turned into a manufactory or divided into building lots — the right of way cannot be used for new purposes, required by the altered condition of the property, and imposing a greater burden upon the servient estate. *Atwater* v.

*Bodfish*, 11 Gray, 150.   Willes, J., in L. R. 2 C. P. 582.  *Wimbledon Commons* v. *Dixon*, 1 Ch. D. 362.

In the present case, the report states that for more than twenty years Lakin had, in the shop abutting upon the passage-way in question, a steam engine, which was driven by boilers in the larger building on the lot behind, and was used for operating the machinery in that building, the three stories of which were respectively occupied for a blacksmith's shop, a carriage shop, and a paint shop; that there was a door in the wall between the two buildings, which was constantly used for the purpose of passing between them through the engine room and over the passageway; that the space in the passageway was occasionally used for the purpose of setting tires upon wheels, in connection with the work in the shop; that all the coal for use under the boilers was brought in through the passageway, and deposited in the basement or cellar under the engine room, until used in the regular course of business; and that the way was used generally as a back entrance or thoroughfare, as convenience required, in connection with the shops occupied by Lakin, without question or objection, for more than twenty years.

These facts appear to the court to justify and require the conclusion that Lakin had acquired by prescription a right of way for all purposes reasonably necessary for a manufactory upon the two lots, and which, upon the buildings being destroyed by fire and rebuilt for a manufactory and storehouse, he was entitled to use for the purpose of bringing goods into the smaller building abutting upon the passageway, to be thence hoisted up into the larger building, for storage and use therein; that there has been no substantial alteration in the condition or character of the dominant estate, and no change, except in degree, in the exercise of the easement, and that for this reason the defendant has not exceeded his rights in the use of the passageway.

*Bill dismissed.*