### HARRY E. TOWLE *vs.* TRUSTEES OF DONATIONS TO THE PROTESTANT EPISCOPAL CHURCH.

Plymouth. January 13, 1927.— April 13, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Way*, Private. *Land Court*, Appeal. *Supreme Judicial Court.*

Upon an appeal by a petitioner in the Land Court from a decision by a judge which contained only a reference to a letter which was not printed in the record, this court will not consider a letter printed in the petitioner's brief and alleged to be the letter which was introduced in evidence before the judge.

A judge of the Land Court on a petition for registration of title found, as to the use of a way to which the petitioner claimed a right, that a predecessor in title to the petitioner acquired title to the alleged dominant estate in 1895 and that he, under an assertion of right at all times and without any legal interruption for a period of more than twenty years, himself or by his employees carted sand from the same area on the petitioner's land over the respondent's land to a public street; that "There was practically no evidence introduced of any use made of the way in question except for hauling out sand for building and other purposes. This use was not constant, but only on the occasions when there was a demand from some source for the sand which he made a business of selling." *Held*, that

    (1) The right acquired by the use of the locus in the circumstances could not be construed to cover a claim by the petitioner to a right to use the way for all purposes for which "any owner would want to use a right of way which adjoined his home";

    (2) Upon an appeal by the petitioner, a decree of the Land Court granting the petitioner only "a limited right of way over the respondent's land . . . to be used in a reasonable manner for the purpose of

hauling out sand from the sand area on the petitioner's land north of said gate posts, and subject to the obligation of repairing any damage to said way occasioned by the hauling aforesaid," was affirmed.

PETITION, filed in the Land Court on December 23, 1925, for the registration of the title to land in Duxbury, described in the opinion.

The petition was heard by *Smith,* J. Material facts found by the judge are described in the opinion. Neither party presented requests for rulings of law at the hearing. From the decision, described in the opinion, the petitioner appealed.

*M. Collingwood,* for the petitioner.

*S. Bell,* for the respondent.

PIERCE, J. The petitioner filed in the Land Court a petition to register title to a parcel of land in Duxbury, having a frontage on Washington Street and on Harrison Street. Incorporated in the petition is a claim to "A right of way for foot travel and vehicles, from the Southerly line of said premises in a generally Easterly direction as delineated on plan filed with this petition, from land of the St. John's Episcopal Church to Washington Street." The title to the church property is in the respondent. The claim of the petitioner to a general right of way over the respondent's land on the south, from his land over and across the land of the respondent to Washington Street, was opposed by the respondent. Issue was joined and the parties and their witnesses were heard by a judge of the Land Court on May 19, 1926. On August 2, 1926, the judge in part found that "the petitioner has a limited right of way over the respondent's land from the gate posts as shown on the filed plan to Washington Street along the existing travelled way, to be used in a reasonable manner for the purpose of hauling out sand from the sand area on the petitioner's land north of said gate posts, and subject to the obligation of repairing any damage to said way occasioned by the hauling aforesaid," and he ordered a "Decree for the petitioner accordingly." The case is before this court on the appeal of the petitioner from the decision of the Land Court dated August 2, 1926.

The facts taken from the decision show that "There is a well defined way leading in from Washington Street to the

church building on the respondent's land south of [the] locus, and a visible but little used cart path from the west end of the main way to and through the gate posts shown on the filed plan"; that "This part of the petitioner's land is considerable lower than the northerly part of his land on which the buildings stand"; that "Quite near the gate posts and north of the same there is a large area of sand, from which it is evident that considerable sand material has been hauled from time to time. A gate or moveable bars are maintained between the posts."

As to the use or uses of the way by the petitioner and his predecessor in title, the facts found by the judge and reported in his decision show that one Samuel W. Sheldon, who conveyed the premises to the petitioner, acquired his title to the locus September 3, 1895; that said Sheldon "under an assertion of right at all times" and without any legal interruption for a period of more than twenty years, himself or by his employees, carted sand from the sand area above described over the respondent's land to Washington Street; that "There was practically no evidence introduced of any use made of the way in question except for hauling out sand for building and other purposes. This use was not constant, but only on the occasions when there was a demand from some source for the sand which he made a business of selling." The petitioner prints in his brief a copy of a letter from Samuel W. Sheldon to an official of the church, dated October 10, 1900. This letter is not in the record, but is referred to by the judge as mistakenly stating that the father of Samuel W. Sheldon claimed a right of way by grant under his deed to the predecessor in title of the respondent in 1867. This reference to the letter does not permit this court to receive and consider it as evidence of the use of the way by the petitioner, by his predecessors in title, or as a measure of the rights acquired by such use.

Applying the law to the facts found, we think the rights acquired by the use of the locus under the circumstances cannot be construed to cover the claim of the petitioner to a right to use the way for all purposes for which "any owner would want to use a right of way which adjoined his home,"

and that the right of the petitioner is such only as is given him under the decree. *Valentine* v. *Piper,* 22 Pick. 85. *White* v. *Loring,* 24 Pick. 319.  *Atwater* v. *Bodfish,* 11 Gray, 150.  *Parks* v. *Bishop,* 120 Mass. 340.  *Baldwin* v. *Boston & Maine Railroad,* 181 Mass. 166.  *Parsons* v. *New York, New Haven & Hartford Railroad,* 216 Mass. 269, 273.

*Decree affirmed.*