### PERRIN et v SETHMAN

Ohio Appeals, 7th Dist, Mahoning Co
Decided Oct. 17, 1930

J. S. Miller, Alliance, and Wirt & Gunlefinger, Youngstown, for Perren.

Barnum, Hammond, Stephens & Hoyt, Youngstown, for Sethman.

MAUCK, J.

The evidence shows that the defendant and his predecessors acquired by prescription an easement to travel over the roadway mentioned from defendant's land to the public road, and that this easement is appurtenant to and runs with defendant's land; that the use for which the easement had been acquired was such as would generally attach to agricultural land; that wagons and livestock passed over same, some cord wood was hauled out, a casual log, but always something incident to the agricultural activities to which defendant's land was exclusively devoted.

It appears that defendant Sethman has now moved a saw mill on the property, erected buildings for saw mill operations and purposes to manufacture standing timber on this property into lumber, and insists upon the right to haul supplies from the public road to this property, and haul out the lumber when manufactured over the roadway referred to. The authorities are uniform in holding that the way acquired by prescription is limited to the same sort of use after acquisition as it was subject to in the process of acquiring it. The fairest exposition of the law that we have found, approved in 19 C. J., 977, 9 R. C. L., 789, and Thompson on Real Property, Sec. 478, is that of Mr. Justice Gray, then Chief Justice of the Massachusetts Court, in Parks v. Bishop, 120 Mass., 340. The opinion, omitting the supporting authorities, says:

"When a right of way to certain land exists by adverse use and enjoyment only, altho evidence of the right for a single purpose will not prove a right of way for other purposes, yet proof that it was used for a variety of purposes, covering every purpose required by the dominant estate, in its then condition, is evidence from which may be inferred a right to use the way for all purposes which may be reasonably required for the use of that estate while substantially in the same condition. But if the condition and character of the dominant estate are substantially altered, as in the case of a way to carry off wood from wild land, which is afterward cultivated and built upon; or of a way for agricultural purposes, to a farm, which is afterwards turned into a manufactory or divided into building lots, the right of way cannot be used for new purposes, required by the altered condition of the property, and imposing a greater burden upon the servient estate."

The immediate question, therefore, is whether operating a sawmill and converting standing timber on a farm differs from the agricultural use of the same land, or is a merely increased use of the same kind. It must be borne in mind that one acquir-

ing by an adverse user the right to enjoy the property of another, must by his use challenge the owner to protect his interests if he would avoid that user ripening into a prescriptive right. The owner is only challenged to the extent of the notice he has of the right that is in process of being acquired against him. It might well be that the owners of the Perren property were willing that the owners of the Sethman property acquire a right over the former property for the simple operations of a small farm, but it would not follow that they would acquiesce if that farm had been converted into a stone quarry, or if coal mines had been developed thereon, and it had been proposed to haul these products to market. We see no difference in principle between a saw mill and a stone quarry. Neither of them are such activities as are commonly found on a farm, and the threat of the defendant to use this easement in conducting a saw mill operation is a threat to employ the easement in a way never contemplated at the time the easement was in process of being acquired. Because the operation of a saw mill is not an agricultural activity, and because the easement in question was acquired only for agricultural activities, the same entry may be made in this court that was made in the Common Pleas. Decree for Plaintiff.

Roberts and Farr, JJ, concur.