**ERICSON et,. Plaintiffs-Appellees, v. GRENGA et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3545. Decided October 21, 1952.

Paul E. Stevens and Pauline Church, Youngstown, for plaintiffs-appellees.

Harrington, Huxley & Smith, Youngstown, for defendants-appellants.

## OPINION

By PHILLIPS, J.

In their action filed in the court of common pleas against defendants plaintiffs sought to restrain them from obstructing, closing, or building upon land described as being the southerly 11.09 foot portion of Youngstown City lot number 4102, owned by defendants, all of which land was used as a driveway.

Plaintiffs allege in their amended petition that:

"For more than 21 years last passed the owners of the property now owned by plaintiff and their tenants have used this drive-way for the purpose of reaching the house located at the westerly end of plaintiff's property and also the business structure located on the southerly side of the plaintiff's property. * * *

"That said use was open, notorious, continuous, and adverse and constitutes a way by prescription across the defendant's property. That defendants are now threatening to close up the way and to place obstructions in it and to build upon it. * * * That plaintiff has no adequate remedy at law and that if defendants continue their obstructions of said way that plaintiff will suffer irreparable damages."

By joint answer defendants alleged purchase of Youngstown City lots number 11836, and the southerly portion of lot number 4102, and Youngstown City lot numbers 522 and 523 on November 5, 1945, and May 9, 1951, respectively for the purpose of enlarging their business established in Youngstown; and specifically denied the open, notorious, continuous and adverse use of any of such lots for more than 21 years, and the acquirement by plaintiffs of prescriptive rights therein as alleged in their amended petition.

The trial judge found that plaintiffs had acquired by prescription a right of way over the southerly portion of Youngstown city lot number 4102 to a width of 11.09 feet and terminating at the westerly line of Youngstown city lot number 9362 for driveway purposes, but that such right of way was not to be used in connection with the shop situated at the southeasterly corner of plaintiff's property, namely Youngstown city lot number 9362, and entered judgment accordingly.

Defendants appealed from that judgment to this court on questions of law and fact, and the appeal was submitted to us on a transcript of the testimony taken and evidence submitted in the trial court.

By brief defendants contend that "the sole question in the court below and the sole question presented before" this court "is whether plaintiffs-appellees have acquired prescriptive rights in and to the southerly portion of Youngstown city lot number 4102" to a width of 11.09 feet.

We will weigh the evidence to determine whether the necessary elements to "make out a use by prescription" are present by the definition quoted by defendants' counsel from **Vol. 1, O. Jur., page 558,** which is:

"* * * that the use and enjoyment of what is claimed as an easement was adverse under a claim of right, exclusive, continuous, and uninterrupted for the period of twenty-one years, besides being within the knowledge of the owner of the estate over which the easement is claimed."

The evidence discloses that the easement of plaintiffs over the portion

506

of Youngstown city lot number 4102 in dispute was open, notorious, adverse, continuous and hostile under claim of right for more than twenty-one years, all with the knowledge of the owners of such southerly portion of such lot. All the elements of right by prescription are present

The judgment of this court is that the plaintiffs have acquired an easement over the southerly portion of Youngstown city lot number 4102 to the westerly line of Youngstown city lot number 9362 for driveway purposes, except that such right of way shall not be used in connection with the building situated on plaintiffs' property and known for street numbering purposes as 736 Market Street, Youngstown, Ohio.

An entry drawn in accordance with this finding and opinion taxing the costs equally among the parties may be presented for signature.

NICHOLS, PJ, GRIFFITH, J, concur.