**GRIFFITHS, Plaintiff-Appellee, v. SCHAEFERS et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3634. Decided April 2, 1954.

Ralph R. Thombs, Youngstown, for defendant-appellant.

Manchester, Bennett, Powers & Ullman, Youngstown, for plaintiff-appellee.

## OPINION

By PHILLIPS, J.

Defendants appealed to this court on questions of law from a judgment of the court of common pleas perpetually enjoining them from interferring with plaintiff's use of a driveway situated between plaintiff's lot numbered 6688 and defendants' lot numbered 6689, which are situated on Kenmore Avenue in the City of Youngstown.

Part of such driveway belongs to the plaintiff and part to defendants, both of whom, or their tenants, used such driveway in its entirety for upwards of half a century, each without objection or hindrance from the other, during all of which time plaintiff, or her tenants, maintained it.

By brief defendant states:—

"The theory upon which this appeal is based is that the plaintiff was required to establish her claim of an easement by prescription by the preponderating weight of the evidence and thus make out a prima facie case before it became the duty of the defendants to produce proof that she did not have an easement by prescription. We do not question the fact that she had open use of the driveway longer than twenty-one (21) years, and so far as we know it was uninterrupted use. We claim, however, that by the plaintiff's own testimony her use of the driveway originated by consent and permission; that before the plaintiff could establish a prima facie case she had to produce evidence to meet the presumption of continuity of permission and consent raised by her own testimony; that adverse use could not begin until mutuality of use by consent and permission ended. The originating consent and permission grew out of a mere neighborly accommodation and until that consent and permission and neighborly accommodation was shown by the plaintiff to have ended and adverse possession on her part began, no right by prescription could ever accrue to her."

By formal assignments of error defendants contend that the trial judge erred to their prejudice in the admission of evidence, which they say by brief they do not press, and upon which assignment accordingly we will not pass, and in the rejection of evidence. Further defendants argue by assignments of error that the judgment of the trial court is not "supported by sufficient evidence, is against the manifest weight of the evidence, and is contrary to law."

Without further discussion of the evidence in our opinion it establishes that the use of such driveway by plaintiff was open, notorious, adverse under claim of right, and continued for more than twenty-one years, and accordingly plaintiff acquired an easement by prescription in that portion of the driveway situated on defendants' land.

Finding no error prejudicial to defendants in any of the respects urged by them in assignment of errors, oral argument or briefs the judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, NICHOLS, J, concur in judgment.