PENCE et al., Appellees,

v.

DARST, Appellant.

[Cite as *Pence v. Darst* (1989), 62 Ohio App.3d 32.]

Court of Appeals of Ohio,
Montgomery County.

No. 10815.

Decided Feb. 28, 1989.

---

*James D. Ruppert,* for appellees.

*Gary J. Leppla,* for appellant.

---

FAIN, Judge.

Defendant-appellant William Darst appeals from a decision of the trial court denying his request for injunctive relief. Darst sought a court order that would have required plaintiff-appellee William C. Pence to remove an obstruction that he had placed across a portion of a driveway in which Darst claimed an easement right. Darst argues that the trial court, in making its decision on the issue of injunctive relief, improperly required him to prove that his use of the property was without the permission of the fee simple owner of the burdened property. We agree with Darst that the trial court misapplied the burden of proof with regard to this issue. Accordingly, the decision of the trial court will be reversed, and the cause will be remanded for further proceedings.

I

Plaintiff Pence originally brought this action, but he has since dismissed his complaint. Defendant Darst filed an amended counterclaim in which he sought compensatory and punitive damages for abuse of judicial process as well as both injunctive relief and damages for the infringement of an easement that he allegedly maintained over the property of Pence, an adjacent property owner.

The matter was heard by the trial court and, in an entry dated August 27, 1987, the trial court denied the request for either a temporary or a permanent injunction. In a separate order filed the same day, the trial court vacated the restraining order that it had previously entered.

On October 16, 1987, the trial court denied Darst's request for reconsideration of its decision denying injunctive relief. On January 4, 1988, upon Darst's application, the trial court dismissed his counterclaim for damages. On February 1, 1988, Darst filed a notice of appeal. Darst's appeal is directed solely to the denial of the injunctive relief that he sought.

In an entry filed December 22, 1988, we questioned whether this court's appellate jurisdiction had been properly invoked pursuant to App.R. 4. This opinion analyzes both the jurisdictional issue and the merits of Darst's appeal.

## II

Although neither party raised the issue in their initial briefs filed in this appeal, this court questioned whether Darst's appeal had been timely filed. This court was concerned whether the trial court's denial of all injunctive relief, both preliminary and final, on August 27, 1987, was immediately appealable, so that Darst's notice of appeal filed February 1, 1988, would not have been timely filed. In an entry, this court invited both parties to brief that issue.

In the briefs filed in response to our invitation, Darst took the position that the trial court's denial of injunctive relief was not a final appealable order, so that he was not required to file an appeal within thirty days thereafter. Pence took the contrary position. The issue is not free from difficulty.

There are two ways in which an order of a trial court that does not dispose of all of the issues and claims in a case may, nevertheless, be a final appealable order. One is through the application of Civ.R. 54(B). That would not apply in this case, since the trial court did not certify, in its order of August 27, 1987, denying injunctive relief, that there was no just cause for delay.

Another way in which an order of a trial court that does not dispose of all of the issues and claims in a case may, nevertheless, be a final appealable order, is through the application of R.C. 2505.02. That these two ways are independent is clear from *Amato v. General Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, in which the denial of class certification was held to be a final appealable order by virtue of R.C. 2505.02, notwithstanding that there had been no certification of no just reason for delay, pursuant to Civ.R. 54(B).

R.C. 2505.02 provides, among other things, that " * * * an order affecting a substantial right made in a special proceeding * * * " is a final appealable order.

In *Amato, supra,* the Supreme Court had occasion to interpret R.C. 2505.02, as follows:

" * * * whether an order is made in a special proceeding is resolved through a balancing test. This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources resulting from the allowance of an appeal, with the need for immediate review

because appeal after final judgment is not practicable." *Amato, supra*, at 258, 21 O.O.3d at 161, 423 N.E.2d at 456.

In subsequent cases, the Supreme Court has stressed that "a prime determinant of whether a particular order is one made in a special proceeding is the practicability of appeal after final judgment." *Tilberry v. Body* (1986), 24 Ohio St.3d 117, 120, 24 OBR 308, 310, 493 N.E.2d 954, 957.

When the appellant is attempting to perfect an appeal before the disposition of all of the claims and issues in the case, it can be somewhat difficult to determine whether requiring him to wait until the disposition of all of the claims and issues in the case in order to perfect his appeal is impracticable. However, in cases, such as this one, in which the appellant waits until the complete disposition of the case before perfecting his appeal, it will ordinarily be much easier to determine whether it was practicable for him to have done so. Indeed, it would seem that unless the issue that he now wishes to raise on appeal has become moot by virtue of intervening events, it will clearly have been practicable for him to have waited until the conclusion of the case before appealing, since that is exactly what he has done, and there are no perceived problems at that time in his having done so.[1]

In view of the Supreme Court's holding that the practicability of appeal after final judgment is a "prime determinant" of whether a particular order is a final appealable order pursuant to R.C. 2505.02, we conclude that, at least under any circumstances that we can presently foresee, where an appellant elects to wait until the case is completely over in the trial court before maintaining his appeal, and the issue that he is seeking to raise on appeal has not become moot as a result of intervening events, it will not have been impracticable for him to have waited to perfect his appeal, and the order entered before the complete disposition of the case in the trial court will not be deemed to have been a final appealable order pursuant to R.C. 2505.02.

Accordingly, in the case before us, we conclude that Darst's appeal from the denial of injunctive relief was timely filed.

### III

Darst's sole assignment of error is as follows:

---

1. As an example of an issue that will have become moot, consider a lawsuit in which the plaintiff, among other things, is seeking an injunction to bar the demolition of a building. If after the injunctive relief, the plaintiff waits until the end of the case in order to perfect his appeal, and, as a result, the building is demolished, it will have been impracticable for him to have waited to appeal, but, by the same token, his attempt to appeal from the denial of the injunction would have to be dismissed in any event, upon mootness grounds.

"The trial court erred in failing to issue an injunction barring obstruction of appellant's legal and prescriptive easement by placement of a six-foot stockade fence by the owner of the burdened parcel."

Darst argues that the trial court erred by denying his request for injunctive relief. Darst's argument, however, presupposes a fact that is crucial to our analysis, *i.e.*, that he is the rightful holder of a "legal and prescriptive" easement over Pence's property. Our reading of the record in the case before us indicates that such a fact cannot be so presumed.

In order to create an express easement, the owner of the servient property must grant or convey to the owner of the dominant property a right to use or benefit from his estate. See *Yaeger v. Tuning* (1908), 79 Ohio St. 121, 124, 86 N.E. 657, 658. The instrument conveying the easement must comply with the Statute of Frauds. R.C. 1335.04. Once an easement becomes part of the chain of title of the dominant property, such easement passes with the transfer of the property. However, in order for an easement to pass with the transfer of the property, some record of the easement must appear in the chain of title of the dominant parcel.

In the case before us, no such record of the alleged easement appears in Darst's chain of title. The only mention of the easement is in Pence's deed. Therefore, from this record, we cannot conclude that Darst has an express easement over Pence's property for driveway purposes, because there is no evidence sufficient to establish that an express easement was ever granted to Darst or his predecessors in title.

Darst argues that even if he has no express easement, he has an easement by prescription.

A landowner obtains an easement by prescription for a specific use of his neighbor's property when he uses that property in that manner: (a) openly; (b) notoriously; (c) adversely to the neighbor's property rights; (d) continuously; and (e) for at least twenty-one years. Cf. *Griffiths v. Schaefers* (App.1954), 72 Ohio Law Abs. 79, 80, 133 N.E.2d 394, 395; *Ericson v. Grenga* (App.1952), 70 Ohio Law Abs. 504, 506, 128 N.E.2d 668, 669.

Darst argues that even though he made such a showing to the trial court, his request for injunctive relief was denied. The reason the trial court denied the injunction, according to Darst, was because it improperly required him to prove that the use of the easement was without the permission of Pence. Darst cites *Pavey v. Vance* (1897), 56 Ohio St. 162, 46 N.E. 898, for the proposition that a person claiming a prescriptive easement does not have the burden of proving that the use of the easement was without the property owner's permission.

We agree with Darst. Our review of *Pavey v. Vance, supra*, indicates that in a prescriptive easement situation, a landowner whose parcel is being used by another landowner has the burden of proving that the use was permissive. If the burdened landowner can make such a showing, he can defeat the prescriptive easement claim of the other landowner.

In the case before us, we conclude that the trial court improperly applied the burden of proof concerning the permissive use issue. The trial judge stated in his "Findings of Fact and Conclusion of Law" that:

"While there was evidence to show that the area in controversy had been used as a driveway since 1946, there was no indication that it had been used adversarily to the owner the precedessors [sic] in title to the Pence's property or the Pences. The first syllabus in the case of *Pennsylvania Railroad Company v. Donovan*, 111 O.St. 341 [145 N.E. 479] reads as follows:

"An easement by prescription may be acquired by open, notorious, continuous, and adverse use for a period of 21 years. Such use never ripens into a prescriptive right unless the use is adverse and not merely permissive."

We conclude from the foregoing that the trial court imposed upon Darst the burden of proving that the use of the property was without Pence's permission. Pursuant to *Pavey v. Vance, supra*, Pence had the burden of showing that Darst's use of the property was with permission in order to defeat an otherwise valid prescriptive easement claim.[2]

Darst's sole assignment of error is sustained.

## IV

Darst's sole assignment of error having been sustained, the judgment of the trial court will be reversed, and this cause will be remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

WOLFF, P.J., and McBRIDE, J., concur.

ROBERT L. McBRIDE, J., retired, of the Second Appellate District, sitting by assignment.

---

2. We note that if the trial court should find that Darst and his predecessors in title had used Pence's property as a driveway without permission for the requisite period of time, then such use of the parcel would properly be deemed to have been adverse to the interest of the fee simple owner.