DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Ottawa County Court of Common Pleas which, following a bench trial, granted a Civ.R. 41(B)(2) dismissal in this case. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellants, William H. and Dorothy Attewell, set forth the following assignments of error:
"ASSIGNMENTS OF ERROR
 "I. THE COURT ERRED IN GRANTING A CIVIL RULE 41(B)(2) DISMISSAL WHEN IT FOUND THAT PLAINTIFF HAD ESTABLISHED ALL THE ELEMENTS FOR A PRESCRIPTIVE EASEMENT. (See Judgment Entry, Appendix E)
 "II. THE COURT ERRED IN TREATING A DESCRIPTION OF THE EASEMENT AREA AS AN ELEMENT OF A PRESCRIPTIVE EASEMENT. (See Judgment Entry, Appendix E)
 "III. THE COURT ERRED IN HOLDING THAT THE PLAINTIFFS WERE REQUIRED TO DEFINE THE PRESCRIPTIVE EASEMENT AREA BY CLEAR AND CONVINCING EVIDENCE. (See Judgment Entry, Appendix E)"
Appellees/cross-appellants, Eagle Beach-Wildwood Association, Inc., et al. ("appellees"), set forth the following assignments of error:
"ASSIGNMENTS OF ERROR
 "1. The Trial Court erred in failing to grant Eagle Beach's Motion for Summary Judgment as there existed no genuine issues as to material facts and Eagle Beach was entitled to judgment as a matter of law.
 "2. The Trial Court erred in failing to grant Eagle Beach's Motion for Reconsideration as there existed no genuine issues as to material facts and Eagle Beach was entitled to judgment as a matter of law.
 "3. The Trial Court erred in holding at trial that the use of the disputed area was open and notorious.
 "4. The Trial Court erred in holding at trial the use of the disputed area was continuous."
The following facts are relevant to this appeal. At issue in this case is a disputed property, a triangular area of approximately .0535 acres, adjacent to appellants' lake front property on Catawba Island. The disputed property is part of a common park area known as Forest Park dedicated for the use of lot owners of appellee Eagle Beach. On April 23, 1997, appellants filed a complaint to quiet title, for ejectment and for trespass. On November 5, 1998, appellees filed a motion for summary judgment, arguing that appellants had failed to establish that they have a sufficient claim to the disputed property by way of adverse possession. Appellants filed a memorandum in opposition to appellees' motion for summary judgment on November 18, 1998 and appellees filed a reply to appellants' memorandum in opposition on December 3, 1998. On December 18, 1998, appellants filed a motion to amend their complaint to include an alternative claim for prescriptive easement. Appellants' motion to amend was granted by the trial court on January 5, 1999, over the objection of appellees. Also on January 5, 1999, the trial court granted appellees' motion for summary judgment on the grounds that appellants had failed to prove that they had acquired rights to the disputed property by adverse possession.
Appellees filed a motion to dismiss or in the alternative a motion for summary judgment as to appellants' prescriptive easement claim on January 19, 1999. Appellants filed a memorandum in opposition to appellees' motions on February 5, 1999 and appellees filed a reply to appellants' memorandum in opposition on February 23, 1999. On March 5, 1999, the trial court denied appellees' motion for summary judgment, finding that there were genuine issues of material facts regarding appellants' prescriptive easement claim. Appellees filed a motion for reconsideration of this decision on March 10, 1999 and the trial court denied appellees' motion on March 31, 1999.
This case proceeded to a bench trial on April 12 and 13, 1999. The trial court granted appellees' Civ.R. 41(B)(2) motion for dismissal of appellants' prescriptive easement claim at the conclusion of appellants' case. Appellants filed a timely notice of appeal and appellees filed a notice of cross-appeal.
This court will address appellants' three assignments of error and appellees' third and fourth cross-assignments of error together as they all require the same analysis: the requirements for a prescriptive easement.
In J.F. Gioia, Inc. v. Cardinal American Corp. (1985),23 Ohio App.3d 33, 36-37, the appellate court set forth the elements necessary for a prescriptive easement:
 "A landowner obtains an easement by prescription for a specific use of his neighbor's property when he uses that property in that manner (a) openly, (b) notoriously, (c) adversely to the neighbor's property rights, (d) continuously, and (e) for at least twenty-one years. Cf. Griffiths v. Schaefers (App. 1954), 72 Ohio Law Abs. 79, 80; Ericson v. Grenga (App. 1952), 70 Ohio Law Abs. 504, 506."
The Gioia court also noted that the party claiming a prescriptive easement has the burden of proving each of the elements by clear and convincing evidence. Id. at 37. The Gioia court further discussed the need for a specific type of continuous use to justify a prescriptive easement for the same type of use, noting that use of property for picnics and recreation may not create an easement to drive vehicles. Id. at 38. The Gioia court citedPerrin v. Sethman (App. 1930), 8 Ohio Law Abs. 723 and Ericson v.Grenga (App. 1952), 70 Ohio Law Abs. 504, 506. In both cases, the appellate courts held that a prescriptive easement is limited to the same sort of use after acquisition as it was subject to in the process of acquiring it. See, also, Pence v. Darst (1989),62 Ohio App.3d 32, 37.
This court will first address appellants' second and third assignments of error in which appellants contend that the trial court erred in treating a description of the easement area as an element and erred in requiring the prescriptive easement area to be defined by clear and convincing evidence. This court finds no merit in these assignments of error.
Contrary to appellants' assertion, the trial court did not treat a description of the easement area as a necessary element. The trial court stated:
 "* * * The use of the Wildwood Park area was wide ranging and varied, but it was a morphous (sic), it was a shapeless different area, used for different purposes and at different times. Sometimes we had a car here, a camper there, a volleyball game taking place here, tents in another place, but there is no evidence of the use, the continued use and occupation of what is offered to the Court as the easement area.
"* * *
 "Plaintiffs cannot accurately define the extent of the property sought to be subjected to the easement except for the single act of mowing, and mowing alone is not sufficient to establish the extent of the easement, so the Court finds that the Plaintiffs have failed to define their easement, the easement area, by clear and convincing evidence and the Court will accordingly dismiss the Complaint. * * *"
From the above language, it is clear that the trial court found that there was a lack of clear and convincing evidence setting forth the extent of the easement area sought in this action. After a thorough review of the record in this case, this court finds that the trial court did not err in concluding that although there was testimony that appellants used the disputed area in different ways, there was not clear and convincing evidence setting forth the extent of the easement area. In this case, appellants rely on evidence that at scattered times the disputed area was used for different activities or purposes. However, there was no clear and convincing evidence to show the exact location of such activities. Although appellants presented photographs, these photographs lacked exact reference points from which the court could determine the exact area sought. See, Boardof Education v. Nichol (1942), 70 Ohio App. 467, 477-478. (Appellate court held that no prescriptive easement established when individual failed to establish a definite line of travel over the property.) See, also, Davidson v. Dunn (1922), 16 Ohio App. 263,272; Harmon v. Royle (Sept. 12, 1990), Medina App. No. 1875, unreported.
Accordingly, appellants' second and third assignments of error are found not well-taken.
In their first assignment of error, appellants contend that the trial court erred in granting a Civ.R. 41(B)(2) motion to dismiss. This court finds no merit in this assignment of error.
Civ.R. 41(B)(2) provides in relevant part:
 "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. * * *"
Thus, the trial court is a trier of fact and may weigh the evidence in making its Civ.R. 41(B)(2) determination. Schmidt v.University of Cincinnati Med. Ctr. (1997), 117 Ohio App.3d 427,430. Upon appellate review, a Civ.R. 41(B)(2) dismissal will not be reversed unless it is found to be incorrect as a matter of law or is against the manifest weight of the evidence. Id.; Johnsonv. Tansky Sawmill Toyota, Inc. (1994), 95 Ohio App.3d 164, 167.
As to the legal issues involved in this case, in appellants' second and third assignments of error, this court has found that the trial court did not err in its conclusion that appellants failed to demonstrate the extent of the easement area by clear and convincing evidence. Therefore, the trial court's dismissal pursuant to Civ.R. 41(B)(2) was correct as a matter of law.
Accordingly, appellants' first assignment of error is found not well-taken.
In appellees' third cross-assignment of error, appellees argue that the trial court erred in holding that the use of the disputed area was open and notorious. This court finds no merit in this cross-assignment of error.
In Hindall v. Martinez (1990), 69 Ohio App.3d 580, 583, the appellate court stated:
 "It is essential to the acquisition of a prescriptive easement that the use of the property be open. The elements that use be both open and notorious are often construed together. To be open, the use of the disputed property must be without attempted concealment. (Citations omitted.) To be notorious, a use must be known to some who might reasonably be expected to communicate their knowledge to the owner if he maintained a reasonable degree of supervision over his premises. (Citation omitted.) In other words, the use of the property must be so patent that the true owner of the property could not be deceived as to the property's use. (Citation omitted.)"
The record indicates that the use of the disputed property was not concealed and was clearly visible to appellees. The trial court was correct in finding an open and notorious use of the disputed property.
Accordingly, appellees' third cross-assignment of error is found not well-taken.
In appellees' fourth cross-assignment of error, appellees argue that the trial court erred in holding that the use of the disputed area was continuous. This court finds no merit in this cross-assignment of error.
The court in Crawford v. Matthews (Sept. 21, 1998), Scioto App. No. 97CA2555, unreported, stated:
 "Use is `continuous' if it is neither interrupted by acts of the owner nor abandoned by the adverse user. Keish v. Russell, 1995 Ohio App. LEXIS 737 (Feb. 17, 1995), Athens App. No. 94CA1618, unreported. Such use need not be daily; it is sufficient if it is only occasional. 2 Ohio Jurisprudence 3d (1998) 467, Adverse Possession, Section 36. However, the use must be so `continuous' as to fairly indicate an uninterrupted use. Id."
The trial court cited Crawford v. Matthews (Sept. 21, 1998), Scioto App. No. 97CA2555, unreported, in support of its conclusion that appellants' use of the disputed area was continuous. This court agrees.
Accordingly, appellees' fourth cross-assignment of error is found not well-taken.
In their first cross-assignment of error, appellees argue that the trial court erred in failing to grant their motion for summary judgment as to appellants' prescriptive easement claim. This court finds no merit in this cross-assignment of error.
A movant for summary judgment is precluded from seeking review of a denial of the motion until such time as the court enters a subsequent, adverse, and final judgment on the merits of the claim. Balson v. Dodds (1980), 62 Ohio St.2d 287, 289. In the present case, no final order adverse to appellees has been entered. Only if an adverse judgment was entered against appellees would they be entitled to assign as error the trial court's order denying summary judgment. Balson, supra. See also,McCabe/Marra Co. v. Dover (1995), 100 Ohio App.3d 139, 159-160.
Accordingly, appellees' first cross-assignment of error is found not well-taken.
In their second cross-assignment of error, appellees argue that the trial court erred in failing to grant their motion for reconsideration which was in essence a renewed motion for summary judgment as to appellants' prescriptive easement claim. This court finds no merit in this cross-assignment of error. Our decision as to appellees' first cross-assignment of error renders appellees' second cross-assignment of error moot.
Accordingly, appellees' second cross-assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the parties complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, P.J., Mark L. Pietrykowski, J., CONCUR.