OPINION
{¶ 1} John and Kathryn Malone appeal from a judgment of the Greene County Common Pleas Court affirming a zoning variance granted to contiguous property owners Shaun and Suzanne Lowry by the Xenia Township Board of Zoning Appeals. The *Page 2 
Malones also appeal from the trial court's declaratory judgment that their property is subject to an express easement for ingress and egress. The Lowrys filed a cross-appeal seeking to affirm the trial court's decision regarding the easement on the grounds that the evidence established the existence of a prescriptive easement.
 {¶ 2} We conclude that the trial court's judgment regarding the zoning variance is correct. We further conclude that the evidence establishes the existence of an easement by prescription and that the trial court's grant of a declaratory judgment should therefore be affirmed with regard to the existence of the easement, although for reasons differing from the reasons set forth in the trial court's opinion.
 I {¶ 3} Appellants John and Kathryn Malone own property in Greene County, Ohio, which they acquired in 1990. Appellees/cross-appellants Shaun and Suzanne Lowry own property contiguous to the Malone property, which they acquired in 1993. In September of 2003, the Lowrys decided to convey a three-acre parcel of their 150-acre farm to their daughter, Paula Spitz. At that time, the minimum lot size permitted under the Xenia Township Zoning Resolution was five acres. The Zoning Resolution also required lots to have three hundred feet of roadway frontage. The Lowrys filed a request for a zoning variance with the Xenia Township Board of Zoning Appeals (BZA) in which they sought permission to split off a three-acre tract with no roadway frontage. They later amended their request to include fifty feet of frontage onto adjacent Stevenson Road.
 {¶ 4} During hearings on the matter, the issue of access to the five-acre property *Page 3 
from Stevenson Road came into question. The Lowrys indicated that they accessed the property via an easement for ingress and egress across a portion of the Malone property. John Malone contested the variance, informing the BZA that he disputed the Lowrys' claim to an easement. The BZA indicated that it could not determine the validity of the claimed easement. Thereafter, Lowry indicated that it would be possible to build a driveway on the Lowry property, which directly accessed Stevenson Road. But, the evidence indicated that due to the configuration of Stevenson Road and the topography of the Lowry property, the direct Stevenson Road access would be dangerous.
 {¶ 5} In December of 2003, the BZA denied the request for a three-acre split, and maintained the requirement for a five-acre split, but did grant a variance to allow for just fifty feet of roadway frontage on Stevenson Road. Thereafter, John and Kathryn Malone filed an administrative appeal with the Greene County Common Pleas Court seeking to overturn the decision of the BZA with regard to the variance. The Lowrys filed a response to the appeal, along with a counterclaim seeking a declaratory judgment that they held an easement for ingress to, and egress from, their farm, by grant or prescription, with regard to a driveway crossing a portion of the Malone property. Paula Spitz and her husband, Ronald, intervened as parties to the action.
 {¶ 6} Following a hearing, the magistrate affirmed the decision of the BZA. With regard to the counterclaim, the magistrate found that the Lowrys did not have a prescriptive easement, but did hold a valid easement by grant of deed over the Malone property. The magistrate further found that the Spitzes would be entitled to enjoy the easement following their purchase of the five-acre tract. This decision was adopted as the judgment of the trial court. The Malones appeal from the judgment of the trial court, *Page 4 
and the Lowrys and Spitzes cross-appeal, setting forth their claim of an easement by prescription as an alternative basis for affirming the judgment of the trial court.
 II {¶ 7} The Lowrys and Spitzes assert the following cross-assignment of error:
 {¶ 8} "IF THIS COURT DETERMINES THAT THE 1875 DEED DOES NOT GRANT AN EXPRESS EASEMENT PROVIDING INGRESS AND EGRESS ACROSS THE MALONE PROPERTY TO THE LOWRY FARM, THEN THE TRIAL COURT ERRED BY FAILING TO FIND THAT A PRESCRIPTIVE EASEMENT HAS BEEN CREATED BY OPEN, NOTORIOUS, CONTINUOUS, AND ADVERSE USE FOR A PERIOD NOT LESS THAN 21 YEARS."
 {¶ 9} The Lowrys and Spitzes contend that even if the trial court erred in its determination that the Lowrys possess an easement by express grant, this court should affirm its decision on the basis that the evidence demonstrates that they are entitled to a prescriptive easement.
 {¶ 10} "An easement is a right, without profit, created by grant or prescription, which the owner of one estate, called the dominant estate, may exercise in or over the estate of another, called the servient estate, for the benefit of the former." Arkes v. Gregg, Franklin App. No. 05AP-202, 2005-Ohio-6369, ¶ 10, quoting Trattar v. Rausch (1950),154 Ohio St. 286, paragraph one of the syllabus. "An easement in or over the land of another may be acquired by specific grant, prescription, or implication from the particular set of facts and circumstances." Id. A person seeking to establish the right to a prescriptive easement must demonstrate that he has used the property openly, *Page 5 
notoriously, adversely to the servient property owner's property rights, and continuously for a period of at least twenty-one years. Pence v.Darst (1989), 62 Ohio App.3d 32, 37. Each element must be proven by clear and convincing evidence. Nusekabel v. Cincinnati Pub. SchoolEmployees Credit Union, Inc. (1997), 125 Ohio App.3d 427, 433.
 {¶ 11} Hostile or adverse use is any use inconsistent with the rights of the owner. Vanasdal v. Brinker (1985), 27 Ohio App.3d 298. "A use is adverse where one uses a way over the land of another, without permission, as a way incident to his own land and continues to do so with the knowledge of the owner." Hindall v. Martinez (1990),69 Ohio App.3d 580, 584. A use is not adverse when the use is by permission or accommodation of the owner. Id. "A landowner whose parcel is being used by another landowner has the burden of proving that the use was permissive." Pence v. Darst, supra, at 38. "If the burdened landowner can make such a showing, he can defeat the prescriptive easement claim of the other landowner." Id.
 {¶ 12} We conclude that the trial court erred in determining that there was no evidence to support the Lowrys' claim that they hold a prescriptive easement over the Malones' property. The trial court based its judgment on its finding that "a continuous thread of permissive use of the driveway entrance runs throughout the years of usage represented by witnesses in the case from 1939 through 1992." Thus, the trial court determined that this permissive use could not be the basis for asserting a prescriptive easement.
 {¶ 13} From our review of the evidence, the trial court erred in finding that there was permissive use of the driveway. It is not entirely clear what the trial court based this finding upon other than the fact that John Malone testified that he had permitted the *Page 6 
Lowrys to utilize the driveway at some point after he purchased his property. However, from our review of the transcript, it is clear that the driveway was utilized with the knowledge of the prior property owner and that there was no evidence to support a finding that the use was permissive prior to 1992. Indeed, the evidence demonstrates that the driveway was used adversely for at least twenty-one years prior to 1992. Several persons who had lived on the Lowry property testified that they had consistently utilized the driveway over the Malone property and that the prior owner of the Malone property had been aware of the use. These same witnesses denied the claim that their use was with the permission of the prior owner of the Malone land. The fact that John Malone testified that he gave permission to Lowry to use the drive as early as 1992 does not work to overcome the claim of easement by prescription since an easement by prescription came into existence before 1992.
 {¶ 14} We conclude that the evidence demonstrates the existence of a prescriptive easement over the Malone property for purposes of ingress to and egress from the Lowry property. We further find that the Malones failed to prove that the use of the driveway was permissive prior to the establishment of the easement. Accordingly, the cross-assignment of error is sustained.
 III {¶ 15} The Malones' First Assignment of Error states as follows:
 {¶ 16} "THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT AN 1875 DEED CREATED AN EASEMENT OF INGRESS AND EGRESS IN FAVOR OF APPELLEES LOWRY OVER REAL ESTATE OWNED BY APPELLANT." *Page 7 
 {¶ 17} The Malones contend that the trial court's judgment finding an express easement is error. We need not address this argument as it is rendered moot by our disposition of the cross-assignment of error in Part II, above. Therefore, the Malones' First Assignment of Error is overruled as moot.
 IV {¶ 18} The Malone's Second Assignment of Error is as follows:
 {¶ 19} "THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE BOARD OF ZONING APPEALS GRANTING APPELLEE LOWRY A VARIANCE FOR A PROPOSED LOT SPLIT."
 {¶ 20} In this assignment of error, the Malones contend that the trial court erred by affirming the decision of the BZA granting a variance to the Lowrys. In support, they contend that the decision is not supported by the evidence.
 {¶ 21} Preliminarily, we note that when reviewing the decision of an agency like the BZA, a trial court must presume that the agency decision is "reasonable and valid." Community Concerned Citizens, Inc. v. UnionTwp. Bd. of Zoning Appeals (1993), 66 Ohio St.3d 452, 456. The trial court must affirm the decision of the administrative agency if it is "supported by a preponderance of reliable, probative and substantial evidence." Id.
 {¶ 22} "In contrast, when an appellate court reviews a trial court's decision regarding an agency order, the appellate court uses two distinct standards of review. On a question of fact, an appellate court's review is limited to an abuse of discretion. An abuse of discretion exists where the trial court's attitude is unreasonable, arbitrary, or *Page 8 
unconscionable. However, on a question of law, an appellate court's review is de novo. Thus, we apply the same standards of the trial court without deference to the trial court's decision." Ledford v. Bd. ofZoning Appeals, — N.E.2d-, 2007-Ohio-1673, ¶ 23, internal citations omitted.
 {¶ 23} The Malones specifically contend that the BZA based its decision, in part, upon the Lowrys' claim that they "possessed legal and unfettered access to and from their real estate * * * without dependence on an easement over [the Malone] real estate." The Malones further contend that the Lowrys supported their variance request with the claim that they intended to build a separate driveway from Stevenson Road across their own property in order to access the five-acre parcel they intended to convey to their daughter, thus eliminating their dependence upon the easement over the Malones' land. The Malones argue that these claims are belied by the testimony at the hearing before the magistrate and by the mere fact that the Lowrys filed their counterclaim seeking to enforce their claimed easement.
 {¶ 24} We disagree. The evidence at the hearing before the BZA indicated that, although it would be costly and difficult, the Lowrys could build a driveway to access the five-acre parcel across their own land. Although the evidence indicated that accessing Stevenson Road from a driveway across the Lowry property would be unsafe, the ability to construct the access was uncontroverted. Thus, the Lowrys' claim of unfettered access to their land was valid. Thus, we cannot say that the BZA erred by considering this evidence and in basing their decision, in part, upon this evidence.
 {¶ 25} In any event, given our determination that the Lowrys possess an easement interest in the Malone land, any arguments with regard to the Lowrys' lack of *Page 9 
access to the five-acre parcel are without merit. Therefore, the Malones' Second Assignment of Error is overruled.
 V {¶ 26} The Third Assignment of Error raised by the Malones provides:
 {¶ 27} "THE TRIAL COURT ERRED IN REVIEWING THE VALIDITY OF THE DECISION OF THE XENIA TOWNSHIP BOARD OF ZONING APPEALS WITHOUT FIRST HAVING A COMPLETE TRANSCRIPT OF ALL PROCEEDINGS BEFORE SUCH BOARD, INCLUDING ALL DOCUMENTS AND PAPERS OFFERED TO SUCH BOARD."
 {¶ 28} The Malones argue that the trial court's decision with regard to the zoning variance must be reversed as the trial court did not have a complete record of proceedings of the hearing before the BZA.
 {¶ 29} With regard to the transcript of proceedings held before the BZA, R.C. 2506.03 provides in pertinent part as follows:
 {¶ 30} "(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 {¶ 31} "(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant."
 {¶ 32} We note that the Malones filed a motion in the trial court in which they *Page 10 
claimed that the transcript filed by the BZA was incomplete. They also filed a document in which they noted that a portion of the audiotape of the BZA hearing was not transcribed, and which listed over thirty documents they claimed were missing from the record. However, the Malones failed to follow the procedure set forth in R.C. 2506.03(A)(1) for supplementing the record at the trial court level. Therefore, they have waived any claim of error.
 {¶ 33} Further, with regard to the claimed missing documents, it is not clear whether any of them were actually submitted into the record of proceedings at the hearing before the BZA. As to the audio transcript, it appears that portions of the audiotape were not audible and thus not capable of being transcribed. We note that the BZA filed a response to the Malones' motion in which it averred that the entire transcript had been filed with the trial court. Again, had the Malones disagreed with the claim that the entire transcript was filed with the trial court, they had a remedy in the trial court-filing an affidavit under R.C.2506.03(A) — which they did not pursue.
 {¶ 34} The Malones' Third Assignment of Error is overruled.
 VI {¶ 35} The Malones' Fourth Assignment of Error states as follows:
 {¶ 36} "THE TRIAL COURT ABUSED ITS DISCRETION IN RULING ON THE OBJECTIONS TO THE DECISION OF THE MAGISTRATE FILED BY APPELLANT WITHOUT PERMITTING APPELLANT TO SUPPLEMENT SUCH OBJECTIONS AFTER FILING OF THE TRIAL TRANSCRIPT."
 {¶ 37} The Malones contend that the decision of the trial court must be reversed *Page 11 
because the trial court denied their request to file supplemental objections to the magistrate's decision. Specifically, they contend that after the filing of the transcript of the hearing before the magistrate, the trial court should have allowed them to file a brief so that they could make reference to the trial transcript with regard to the magistrate's factual findings.
 {¶ 38} Civ.R. 53(D)(3)(b) provides that a party may file objections to a magistrate's decision. Such objections must be "specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). However, "if a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." Civ.R. 53(D)(3)(b)(iii).
 {¶ 39} In this case, the Malones' objections were filed prior to the preparation of the transcript. In their objections, they raised four separate and specific arguments with regard to their claim that the magistrate erred. They also "reserved the right to supplement" once the transcript was prepared. However, the trial court implicitly denied their request to supplement by filing a judgment entry discussing and adopting the magistrate's decision.
 {¶ 40} The magistrate's decision was filed on December 8, 2005. The Malones filed their objections on December 16, 2005. Thereafter, the parties were ordered to mediation. The transcript of the hearing before the magistrate was filed on February 8, 2006. An order terminating the mediation as unsuccessful was filed on March 27, 2006. The trial court's judgment was entered on April 11, 2006. The Malones did not file any supplemental objections nor did they file any document indicating an intent to file supplemental objections. *Page 12 
 {¶ 41} The trial court did not "deny" the Malones the right to supplement. It merely entered judgment approximately two months after the transcript was filed. Other than their original "reservation" of the right to supplement, there is nothing in the record to indicate that the Malones intended to file a supplement to their original objections during the interim between the filing of the transcript and the filing of the judgment entry. Without such notice, we cannot say that a trial court abuses its discretion by entering judgment as there is no requirement that a trial court ascertain whether the parties intend to supplement prior to entering judgment. Further, given that a period of two months passed before the trial court entered its judgment, we cannot say that the trial court rushed to judgment and precluded the Malones from filing. Finally, we note that the record indicates that the trial court considered each of the Malones' objections, as well as the record and transcript in reaching its judgment, and that the Malones have failed to demonstrate that they have been prejudiced by their inability to file supplemental objections.
 {¶ 42} Accordingly, the Fourth Assignment of Error is overruled.
 VII {¶ 43} The Malones' Fifth Assignment of Error is as follows:
 {¶ 44} "THE TRIAL COURT ERRED IN REFUSING TO CONDUCT AN EVIDENTIARY HEARING ON APPELLANTS' MOTION FOR CONTEMPT FILED DURING THE PENDENCY OF THE CASE."
 {¶ 45} During the pendency of this action, the Malones and Lowrys entered an
Agreed Order stipulating that the parties would maintain a distance of "at least 100 feet *Page 13 
from each other," that they would not "annoy, harass or molest the other," and that the Malones would not hinder the Lowrys' access to the driveway. In October of 2005, John Malone filed a motion for contempt in which he averred that the Lowrys had violated the terms of the Agreed Entry by trespassing on the Malone property and "using mechanical equipment to destroy plans [sic] and flowers, obstructing the common access road located on the Malone property," and by "speaking to neighbors of Malone regarding him in [a] false and disparaging way." The trial court, in its final judgment entry, ruled the motion moot on the grounds that the final judgment superseded the temporary Agreed Order. The Malones contend that it was error to fail to conduct an evidentiary hearing on the motion prior to ruling thereon.
 {¶ 46} "`Contempt of court' is defined as the disobedience or disregard of a court order or a command of judicial authority."Bryant v. Bryant, Gallia App. No. 04CA9, 2005-Ohio-1297, ¶ 17. Contempt proceedings are intended as a means for courts to uphold and ensure the "effective administration of justice," as well as to "secure the dignity of the court, and affirm the supremacy of law." Cramer v.Pétrie (1994), 70 Ohio St.3d 131, 133. "Absent a showing of prejudice to the party making the contempt motion, contempt is essentially a matter between the court and the person who disobeys a court order or interferes with court processes." Denovchek v. Bd. Trumbull Cty.Com'rs (1988), 36 Ohio St.3d 14, 17. Thus, in order to appeal from an order dismissing a motion for contempt, the party seeking to hold another in contempt must show that he was prejudiced by the dismissal. Id. The decision of a court regarding contempt proceedings will not be reversed absent an abuse of discretion. State ex. rel. Ventrone v.Birkel (1980), 65 Ohio St.2d 10, 11. *Page 14 
 {¶ 47} The Malones do not set forth any claim of prejudice with regard to the denial of the contempt motion other than to claim that they were entitled to a hearing. Thus, they have not shown a right to appeal from what was, essentially, a dismissal of the motion for contempt.
 {¶ 48} Further, we note that the Agreed Order merely prevented the Malones from restricting access to the driveway; it did not restrict the Lowrys from obstructing the driveway.[1] The Order also mandated that both parties refrain from harassing, molesting and annoying one another. It did not purport to prevent the parties from discussing the matter with neighbors and it made no mention of damaging flowers. Thus, the Malones' claim that damaging flowers or speaking to neighbors constituted contempt survives only if this conduct constituted harassing, annoying or molesting behavior.
 {¶ 49} However, a close reading of the "harassment prohibition" indicates that it was made in the context that the parties maintain a distance of one-hundred feet from each other. Therefore, it appears that the Order contemplated only that the parties would not directly harass, annoy or molest each other. We cannot say that a generalized and vague claim that the Lowrys spoke to neighbors demonstrates that they specifically violated the terms of the Order.
 {¶ 50} We also note that the motion for contempt did not claim that the Lowrys purposefully destroyed any flowers. At best, it can be read as claiming that the Lowrys damaged some vegetation while traversing the driveway with farm equipment. The trial court could reasonably conclude that this conduct did not amount to contempt. Thus, *Page 15 
we conclude that the trial court did not abuse its discretion by denying the motion for contempt without a hearing.
 {¶ 51} The Fifth Assignment of Error is overruled.
 VIII {¶ 52} All of the Malones' assignments of error having been overruled, and the cross-assignment of error having been sustained, the judgment of the trial court is Affirmed.
WOLFF, P.J. and DONOVAN, J., concur.
[1] The Malones have a separate driveway that they utilize to access their property. *Page 1